UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bryan Edward Little,

          Plaintiff,         Case No. 25-12905

v.                                Judith E. Levy
                                United States District Judge

Linda Joyce Little,

                                Mag. Judge Elizabeth A. Stafford

          Defendant.

_____/

## OPINION AND ORDER REMANDING CASE TO THIRD JUDICIAL CIRCUIT COURT OF WAYNE COUNTY FOR LACK OF SUBJECT MATTER JURISDICTION

On September 17, 2025, the Court issued an order for Defendant Linda Joyce Little to show cause why the case should not be remanded to state court for lack of subject matter jurisdiction. (ECF No. 5.) The Court set forth that Defendant's notice of removal was procedurally deficient and that her allegations are insufficient to show that the Court has subject matter jurisdiction over this case.

In lieu of a response, Defendant filed an amended notice of removal "as the cure to deficiencies and answer to Judge's show cause [order]." (ECF No. 9.) Defendant attached to her amended notice of removal the

register of actions and pleadings from the suit in the Third Judicial Circuit Court of Wayne County, as well as orders from that court. (ECF Nos. 9-1, 9-2.) Defendant again states that the basis for removal is "violations of U.S. Constitutional rights" due to state court orders. (ECF No. 9, PageID.36.)

For the reasons set forth below, the Court does not have subject matter jurisdiction over this suit.

Subject matter jurisdiction is a threshold matter in all federal cases. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (stating that there is no "doctrine of 'hypothetical jurisdiction' that enables a court to resolve contested questions of law when its jurisdiction is in doubt"). Challenges to a court's subject matter jurisdiction "may be raised at any time, by any party or even *sua sponte* by the court itself." *Franzel v. Kerr Mfg. Co.*, 959 F.2d 628, 630 (6th Cir. 1992) (footnote omitted) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir. 1990)). "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

2

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A federal question is present on the face of a well-pled complaint when the complaint contains "causes of action created by federal law," or "state-law claims that implicate significant federal issues." *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708, 711 (6th Cir. 2012) (quoting *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

Here, Defendant has provided a copy of the complaint, which is a complaint for divorce dated November 23, 2020. (ECF No. 9-1, PageID.61–64.) The complaint does not contain a cause of action "created by federal law," or "state-law claims that implicate significant federal issues." *Hampton*, 683 F.3d at 711 (quoting *Eastman*, 438 F.3d at 550). As such, the Court does not have federal question subject matter jurisdiction.

Defendant does not provide any argument why the Court has subject matter jurisdiction based on the complaint. Instead, Defendant

3

continues to argue that federal question jurisdiction is appropriate because of Judge Mary Beth Kelly's orders in the Third Judicial Circuit Court of Wayne County. (ECF No. 9, PageID.38–41.) Defendant believes that Judge Kelly's orders have violated her Constitutional rights. (*Id.*) But Defendant does not provide any legal authority stating that the Court may have federal question subject matter jurisdiction over a case due to a state-court judge's orders. The Court is unable to locate any authority suggesting that removal would be appropriate in this case.

For the reasons set forth above, the Court concludes that it lacks subject matter jurisdiction and REMANDS the case to the Third Judicial Circuit Court of Wayne County for further proceedings. Defendant's motion for preliminary injunction (ECF No. 2) is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: October 15, 2025        s/Judith E. Levy
    Ann Arbor, Michigan        JUDITH E. LEVY
                                      United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 15, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
